FILED
CLERK, U.S. DISTRICT COURT

12/19/16

CENTRAL DISTRICT OF CALIFORNIA
BY: GR DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER M. JIMENEZ, | Case No. CV 16-02494-RAO |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.  INTRODUCTION

Plaintiff Roger Jimenez ("Plaintiff") challenges the Commissioner's denial of his application for a period of disability and disability insurance benefits ("DIB") pursuant to Title II and his application for supplemental security income pursuant to Title XVI of the Social Security Act. For the reasons stated below, the decision of the Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

## II.  PROCEEDINGS BELOW

On January 12, 2012, Plaintiff applied for DIB alleging disability beginning August 9, 2010 (his alleged onset date ("AOD")). (Administrative Record ("AR")

23). Plaintiff applied for supplemental security income on February 14, 2012, alleging the same AOD. (AR 23.) Both applications were denied on June 1, 2012, and denied again upon reconsideration on January 29, 2013. (AR 157-61, 170-75.) Plaintiff filed a timely request for hearing, and a hearing was held on March 19, 2014. (AR 176, 53-94.) Represented by counsel, Plaintiff appeared and testified. (AR 53-94.) An impartial vocational expert also testified. (AR 23, 86-92.) To further develop the record, the Administrative Law Judge ("ALJ") ordered that an orthopedic consultative examination, as well as a psychological consultative examination be performed. (AR 23, 92-93.) Both additional examinations were performed. (AR 23.) A supplemental hearing was held on July 23, 2014, at which Plaintiff appeared and testified, again represented by counsel. (AR 23, 95-108.) An impartial vocational expert also appeared and testified at the supplemental hearing. (AR 23, 102-08.) On August 1, 2014, the ALJ issued a decision denying Plaintiff's claim for benefits. (AR 20-33.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on February 16, 2016. (AR 1-4.) Plaintiff filed this action on April 12, 2016. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the AOD. (AR 25.) At **step two**, the ALJ found that Plaintiff had the severe impairments of lumbar spine strain, secondary to lumbar spine degenerative disc disease, hypertension, hypertensive cardiovascular disease, major depression disorder, mood disorder NOS, panic disorder, and chronic pain syndrome. (*Id.* at 26.) At **step three**, the ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 26-27.)

///

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> [L]ift and carry less than 10 pounds occasionally and frequently; stand and/or walk less than 2 hours in an 8-hour workday; he has no limitation for sitting, but he must periodically alternate between sitting and standing; he cannot climb, balance, kneel, crouch, crawl or stoop; constantly reach, handle, finger and feel; he is limited to unskilled simple, repetitive tasks; he can have only incidental work-related interaction with co-workers and supervisors; and he can have only brief and superficial contact with the public.

(AR 27.)

At **step four**, the ALJ found that Plaintiff was unable to perform past relevant work. (AR 31.) At **step five**, the ALJ found that Plaintiff has not been under a disability from the AOD through the date of decision. (AR 32.)

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record

3

as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

### A. The ALJ Erred In Evaluating Plaintiff's Subjective Complaints

Plaintiff argues that the ALJ erred in rejecting his symptom testimony because the ALJ's decision offered no specific reasons for rejecting Plaintiff's testimony. (Joint Stipulation ("Jt. Stip.") at 5-11, Dkt. No. 17.) The Commissioner argues that the ALJ's adverse credibility findings are entitled to deference because they are supported by substantial evidence. (Jt. Stip. at 12-14.) For the reasons set forth below, the Court agrees with Plaintiff.

#### *1. Applicable Legal Standards*

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572, F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (2014) (quoting *Lingenfelter*, 504 F.3d at 1036) (internal quotation marks omitted). If so, and if the ALJ does not

find evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of his symptoms. *Id*. The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "[A] reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain." *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (citation omitted).

To determine whether a claimant's testimony is credible regarding the severity of his symptoms, the ALJ may consider, among other factors: "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted).

### *2. Discussion*

"After careful consideration of the evidence," the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms;" but found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (AR 28.) However, having found that Plaintiff had "presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," the ALJ's decision supplied no reasons for discrediting Plaintiff's subjective complaints. In the absence of any reasons for discrediting Plaintiff's testimony and the failure to point to any facts in the record to support the ALJ's conclusion, the ALJ's decision deprives this court of meaningful appellate review of its credibility

determination. This was reversible error. *See, e.g., Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (the ALJ "must cite the reasons why the claimant's testimony is unpersuasive" (quotations and brackets omitted)).

The Commissioner's argument that, because Plaintiff "fled" a psychological consultative examination, as noted in the ALJ's decision, Plaintiff's symptom testimony was not credible, is not supported by the record. First, the ALJ did not find that Plaintiff "fled" an examination; instead, the decision recites that "[plaintiff] opted not to finish the June 1, 2012 psychological [consultative examination] ordered by the State Agency." (AR 26.) Second, the Commissioner's argument is not a reasonable reading of the ALJ's decision. The decision's reference to Plaintiff's opting-out of the psychological consultative examination reads as part of the relevant procedural history regarding Plaintiff's medical evaluations, not as part of an explanation for the ALJ's determination that Plaintiff was not credible. Accordingly, the Court rejects the Commissioner's argument.

### B. Remand For Further Administrative Proceedings

Because further administrative review could remedy the ALJ's error, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole

creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. On remand, the ALJ shall reassess Plaintiff's subjective allegations and either credit his testimony as true, or provide specific, clear and convincing reasons, supported by substantial evidence in the record, for discounting or rejecting any testimony.

## V. **CONCLUSION**

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: December 19, 2016

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**